## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KHIRY MALIK,**          Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA**,<br><br>          Defendant. | Case No. 19-CV-3454 (CRC) |

### ORDER FOR INITIAL SCHEDULING CONFERENCE

The above-captioned case has been assigned to this Judge for resolution. It is hereby **ORDERED** that the Initial Scheduling Conference be set for **Tuesday, February 11, 2020** at **11:00 AM** in Courtroom 27A. Counsel who attend must be sufficiently familiar with the case to answer any questions that arise. Parties are welcome and are encouraged to attend the Initial Scheduling Conference and all subsequent proceedings.

In accordance with Rule 16.3(a) of the Local Civil Rules and Federal Rule of Civil Procedure 26(f)(1), counsel (including any nonprisoner *pro se* party) shall confer at least 21 days prior to the date of the Initial Scheduling Conference to discuss the matters outlined in Local Civil Rule 16.3(c). Pursuant to Local Civil Rule 16.3(d) and Federal Rule of Civil Procedure 26(f)(2), counsel shall submit to the Court no later than 14 days following their meeting – *i.e.*, no fewer than 7 days prior to the date of the Initial Scheduling Conference – a joint Report that, among other things: (1) outlines a detailed discovery plan as described in Federal Rule of Civil Procedure 26(f)(3); (2) addresses all topics listed in Local Civil Rule 16.3(c); and (3) sets forth a proposed scheduling order. See LCvR 16.3(d). Counsel are also directed to include in their Report a brief statement of the case and the statutory basis for all causes of action and defenses.

In considering a discovery schedule under Local Civil Rule 16.3(c)(8), counsel should be guided by the schedules contained in the Appendix to this Order. Counsel are also reminded that

Federal Rule of Civil Procedure 26(f) requires discussion of issues related to the discovery of electronically stored information, preservation of discoverable information, and assertions of privilege or of protection of trial-preparation materials, including consideration of whether to seek an order reflecting an agreement of the parties regarding the procedure for asserting such claims after production.  See Fed. R. Civ. P. 26(f)(3).

In considering alternative dispute resolution as required by Local Civil Rule 16.3(c)(5), counsel are encouraged to consider mediation, arbitration, early neutral evaluation, and any other form of alternative dispute resolution that can be tailored to the needs of their case.

Parties are to communicate with the Court by motion, opposition, reply, or notice, not by letter.  All inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Lauren Jenkins, (202) 354-3422, rather than to chambers.  If Ms. Jenkins is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office who has been designated as her substitute.  Chambers personnel will not handle questions relating to the status or scheduling of pending matters, nor will chambers provide legal advice of any kind.  In an emergency, however, chambers can be contacted at (202) 354-3480.

This Court will grant continuances, extensions, or enlargements of time only upon the filing of a motion.  Motions for continuance of a court date must be filed at least three days prior to the hearing and must include at least three alternative dates that have been agreed to by the parties.  Requests that do not include alternative dates acceptable to all parties will be denied.

Date:   January 6, 2020

CHRISTOPHER R. COOPER
United States District Judge

APPENDIX I

Discovery Schedules

The following schedules are guidelines that are usually followed by the Court. Variations may be appropriate in light of individual case differences. All time frames are calculated from the date of the initial scheduling conference.

|  | Expedited Cases | Standard Cases | Complex Cases |
| --- | --- | --- | --- |
| Initial Disclosures | 14 days | 30 days | 60 days |
| Motion to Add Parties or Amend Pleadings | 14 days | 21 days | 60 days |
| Deadline for Post-R. 26(a) Discovery Requests | 30 days | 45 days | 90 days |
| Proponent's R. 26(a)(2) Statements | N/A | 60 days | 120 days |
| Opponent's R. 26(a)(2) Statements | N/A | 90 days | 150 days |
| All discovery closed | 60 days | 120 days | 180 days |
| Limits on number of interrogatories per party | 12 | 25 | 25 |
| Limits on number of depositions per side | 3 | 5 | 10 |